# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9257 | **DATE** | 12/23/2002 |
| **CASE TITLE** | In Re: Kmart Corporation, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We hold that the bankruptcy court did not abuse its discretion in denying Ramco's motion for a stay pending appeal. The bankruptcy court correctly concluded that Ramco failed to show that it would suffer irreparable harm absent a stay. Accordingly, we concur with the Bankruptcy Court's decision to deny Ramco's motion without further analysis of the remaining facts. Thus, we deny Ramco's motion presently before us (1-1) (1-2) without analyzing the remaining factors.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | DEC 30 2002 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | 12/23/2002 | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| GL courtroom deputy's initials | | | | GL mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
02 DEC 27 AM 9:36
Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: KMART CORPORATION, et al., | ) | |
| | ) | |
| | ) | Case No. 02 C 9257 |
| Debtors. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is the Emergency Motion of Ramco-Gershenson, Inc. ("Ramco") for Stay

Pending Appeal. We previously have granted a preliminary stay until our ruling on the motion presently

before us. For the reasons set forth below, we deny Ramco's motion.

## I.   BACKGROUND

The matter before this Court concerns a dispute over the Debtors' decision, pursuant to Section

365 of the Bankruptcy Code, to assume and assign the Lease for the Conyers, Georgia Kmart store to

a subsidiary of Burlington Coat Factory (the "Assignee"). On December 11, 2002, the bankruptcy court

approved the assignment of the Lease (the "Assignment Order") holding that the Debtors had satisfied

all the requirements necessary for such an assignment, including the heightened adequate assurance

requirements applicable to shopping center leases under Section 365(b)(3). Furthermore, at the

December 11 hearing, the bankruptcy court reaffirmed its November 6, 2002 Order granting summary

judgment (the "Summary Judgment Order") in favor of the Debtors, prohibiting enforcement of a

provision in the Lease that allowed Ramco to terminate the Lease if Kmart ceased operations in the store

for any reason.

On December 13, 2002, Ramco filed a motion for stay pending appeal of the above two decisions

of the bankruptcy court. The bankruptcy court denied Ramco's motion on December 19, 2002. Ramco

filed the instant emergency motion for stay pending appeal with this Court on December 20, 2002. This Court held a hearing on the motion on December 23, 2002 at which time arguments of counsel, as well as the bankruptcy court's rulings, were considered.

## II.  ANALYSIS

We review the bankruptcy court's denial of Ramco's motion for abuse of discretion. *In re 203 North LaSalle St. P'ship*, 190 B.R. 595, 596 (N.D. Ill. 1995).  In considering whether to grant a motion for stay pending appeal, a court must examine the following four factors: "1) whether the [movant] is likely to succeed on the merits of the appeal; 2) whether the [movant] will suffer irreparable injury absent a stay; 3) whether a stay would substantially harm other parties in the litigation; and 4) whether a stay is in the public interest." *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997). The movant has a "threshold burden[] to demonstrate the first two factors." *Id.* "[I]f the movant does not make the requisite showings on either of these two factors, the court's inquiry into the balance of harms is unnecessary, and the stay should be denied without further analysis." *Id.* at 1301.

The bankruptcy court considered the second factor first. [1] The court concluded that Ramco failed to show that it would suffer irreparable injury absent a stay.  We agree.  Ramco argues that without a stay, the Lease will be assigned and Ramco's appeals will be rendered moot.  However, as the bankruptcy court explained, mootness by itself is not enough to constitute an irreparable harm. *See 203 North LaSalle*, 190 B.R. at 597-58 ("It is well-settled that an appeal being rendered moot does not itself constitute irreparable harm."); *see also In re Shenandoah Realty Partners*, 248 B.R. 505, 510 (W.D. Va. 2000) (same); *In re Charter Co.*, 72 B.R. 70, 72 (Bankr. M.D. Fla. 1987) (denying stay because mootness of appeal is insufficient to establish irreparable injury).

---

[1] Ramco also argues that the Bankruptcy Court erred in not fully - or not properly - considering the first factor. We disagree with Ramco and agree with the Bankruptcy Court that Ramco's failure to meet the requisites of the second factor is determinative.

Ramco further asserts that without a stay, it will lose goodwill with its tenants because of its inability to enforce all of its lease provisions. Ramco first raised this issue during oral argument on its motion to stay before the bankruptcy court. As a result, the court found that Ramco's assertion was not developed enough to constitute an irreparable harm. Ramco continues to fail to identify how its goodwill with its tenants will be irreparably harmed in the absence of a stay. In *Gateway Easter Railway Co. v. Terminal R.R. Assoc.*, 35 F.3d 1134, 1140 (7th Cir. 1994), the case to which Ramco cites in its pleadings before this Court, the movant faced a loss of goodwill because in the absence of a preliminary injunction, the movant would go out business, or transfer its losses to its customers. In this case, Ramco does not allege that it is on the verge of going out of business or will have to pass its losses on to its customers in order to avert such an outcome. Instead, Ramco states that if the Lease is assigned, Ramco will be bound by the terms of the Lease, in particular the 1978 rental rates included therein. However, economic loss will generally not sustain a stay. *See Gateway Easter Railway Co.*, 35 F.3d at 1140 (referring to a preliminary injunction).

We hold that the bankruptcy court did not abuse its discretion in denying Ramco's motion for a stay pending appeal. The bankruptcy court correctly concluded that Ramco failed to show that it would suffer irreparable harm absent a stay. Accordingly, we concur with the bankruptcy court's decision to deny Ramco's motion without further analysis of the remaining facts. *See Forty-Eight Insulations*, 115 F.3d at 1301. Thus, we deny Ramco's motion presently before us without analyzing the remaining factors.

## III.   CONCLUSION

For the foregoing reasons, this Court denies Ramco's motion[2]. It is so ordered.[3]

MARVIN E. ASPEN
United States District Judge

Dated  12/23/02

---

[2]Because we have now denied the motion to stay pending appeal, we also vacate our previous stay pending ruling.

[3]Ramco has also moved that in the event this Court denies its motion to stay that such ruling be stayed pending appeal to the Circuit Court of the denial of its motion to stay. Federal Rule of Appellate Procedure 8(a). We deny this motion as well.

4